OPINION OF THE COURT
Thaddeus Owens, J.
The defendant (petitioner), an inmate at the Arthur Kill Correctional Facility, seeks an order nullifying the determination of a superintendent’s proceeding. His other requests will be addressed later.
Defendant was found guilty of four charges stemming from an October 17, 1981 incident. In the course of a visit from a friend, defendant went to the bathroom. He was informed upon leaving the bathroom that he would be frisked. According to prison officials, defendant went back to the bathroom area and attempted to flush a plastic bag which was recovered by two correction officers from a toilet bowl.
Four balloons were found in the plastic bag: one containing a $20 bill and three containing marihuana. Four charges involving possession and smuggling of contraband were filed against the defendant. He was immediately placed in a special housing unit (SHU). Pursuant to an adjustment committee report of October 18, 1981, a superintendent’s proceeding was commenced on October 23, *723 1981. The defendant was found guilty of the charges by the deputy superintendent, Ronald Bertrand, who conducted the superintendent’s proceeding.
ARGUMENTS
Asserting the denial of his right to call witnesses guaranteed by the Fourteenth Amendment and the Rules of the Correction Department, defendant asks this court to overturn the judgment of guilty. Defendant also contends that he was denied his right to a prompt prosecution under the rule enunciated in Powell v Ward (487 F Supp 917, mod 643 F2d 924, cert den 454 US 832).
The Attorney-General maintains that the defendant’s trial and conviction complied with every applicable law.
QUESTIONS PRESENTED
This court must decide two questions: (1) whether the defendant was denied his right to call witnesses and (2) whether defendant’s trial was timely.
CONCLUSION
It is -undisputed that inmates have the right to call witnesses at a superintendent’s proceeding. (See 7 NYCRR 253.4 [b].) What is unclear is the meaning of that right. The petitioner contends the right mandates the authorities to have the witness/inmate present unless institutional safety or correctional goals demand otherwise. Interviewing the witness, in the authorities’ opinion, satisfies the requirement.
This court agrees with the petitioner. Powell v Ward holds that the actual presence of witnesses is necessary unless administrative conditions warrant otherwise. (643 F2d, at p 929.) Where institutional safety is jeopardized, then the inmate may listen to the tape or transcript of the interview with the witness unless this procedure itself is dangerous to security.
Here there was no finding of a danger to institutional safety if the witness, John Bedulo, was called to testify. As the court correctly observed in Powell v Ward (supra), the actual presence of witnesses would expedite the fact-finding process. This practice would eliminate the postpone *724 ment of having to interview a witness and thereby lengthening an inmate’s confinement in a special housing unit.
Our decision would still be the same if we accepted respondents’ argument that the inmate’s request to interview a witness is controlling. Prison does not disinherit a person of all civil liberties. Those liberties must, however, be tempered by the nature of incarceration. A fair disposition remains a premier goal of any search for the truth. A defendant in asking for a fellow inmate to be interviewed is part of that process. It is prudent for the authorities to have the inmate present for a just conclusion is aided and furthered. Of course, if fulfilling the inmate’s request wohld be harmful, then the authorities have the right to deny it.
Turning to the second question, the court must out of necessity sustain defendant’s position. Prison officials should have called John Bedulo as a witness. Instead they postponed the hearing to interview Bedulo and did not give any reason for their failure. This wrong procedure unduly delayed the completion of the hearing within the prescribed seven-day period after incarceration in a special housing unit.
The defendant’s motion is granted in every respect.